UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
In re                                Chapter 11

Lenox 126 Realty LLC                 Case no. 11-12275

            Debtor.
----------------------------------------x

## MOTION BY ASPASIA GATANAS FOR APPOINTMENT OF CHAPTER 11 TRUSTEE

Aspasia Gatanas ("Gatanas"), pro se, files this Motion (the "Motion") for the appointment of a chapter 11 trustee, and in support hereof respectfully states as follows:

### INTRODUCTION

This case warrants the appointment of a fiduciary as a result of the prepetition conduct of the Debtors and their managing member, Lorenzo A. Deluca. This Motion complains about the Debtors' repeated and unlawful disposition of proceeds, the appointment of an unlicensed real estate management company, the lack of authority to file the bankruptcy, and other irresponsible acts by the Mr. Deluca.

In addition, Gatanas has identified over $800,000 in questionable payments by the Debtors prior to the Petition Date to, among other recipients, insiders and other unauthorized parties. Prior to petition, an apparent cash settlement was made with a commercial tenant that vacated the property without court order. There are also questionable apparent POST-PETITION transfers being made considering that all vacant apartment units are being renovated and the occupied, but disputed commercial space, has been permitted by the City of New York to be renovated.

**A.   History**

1.   On May 12, 2011, (the "Petition Date"), Lenox 126 Realty LLC filed a voluntary petition for relief under chapter 11. The Debtor continues to operate its business and manage its assets as a debtor in possession.
2.   As of the date hereof, no trustee, committee, or examiner has been appointed in these cases.

**B.   Aspasia Gatanas, the petitioner, is a member of the Debtor**

3.   Aspasia Gatanas is a 50% member of the debtor as mutually agreed to by the parties and as shown in the Debtor's Limited Liability Company Operating Agreement (the "Operating Agreement") dated January 6, 2006.
4.   Gatanas entered into the Operating Agreement in order to purchase and manage real property located at 321 Lenox Avenue, New York, New York a 32 unit multiple dwelling building.

5. Gatanas received an e-mail on January 26, 2011 via her husband from Mr. Deluca requesting consent to file a Chapter 11 bankruptcy on behalf of the entity now Debtor. No consent was given.
6. Gatanas filed a Proof of Claim on September 27, 2011 in the amount of $1,000,000.

## MANAGEMENT'S GROSS MISMANAGEMENT NECESSITATE APPOINTMENT OF A TRUSTEE

### A. Reasons for Appointment

7. The Debtor has a track record of disregarded the liens and obligations of their secured creditors and others. The Debtor has filed for bankruptcy protection without the authority or consent of its partners. The Debtor has transferred cash out of its bank account to benefit the personal interests of Lorenzo A. Deluca without any consultation or cooperation of its members and while it was in default with its secured and unsecured creditors pre-petition and post-petition. These acts, which occurred repeatedly Prior to the Petition, likely gross mismanagement necessitating the appointment of a trustee as may be required by law.

8. Additionally, the court should consider the following factors in appointing a trustee:
(a) Materiality of the mismanagement;
(b) Evenhandedness or lack of same in dealings with insiders or affiliated entities vis-à-vis other creditors or customers;
(c) The existence of pre-petitions voidable preferences or fraudulent transfers;
(d) Unwillingness or inability of management to pursue estate causes of action;
(e) Conflicts of interest on the part of management interfering with its ability to fulfill fiduciary duties to the debtor; and
(f) Self-dealings by management or waste or squandering of corporate assets.

9. There is a presumption in favor of allowing a debtor to remain in possession, the assumption is based upon the belief that a debtor in possession is the most knowledgeable about, and best able to run, the business of the debtor. As set forth below, the current management has demonstrated an inability or unwillingness to act in anyone's interests other than his own. The notion that current management is now looking out for the best interests of the Debtor's creditors is a fantasy that cannot be further indulged.

### C. Conclusion

10. This case warrants the appointment of a fiduciary as a result of the prepetition conduct of the Debtors and their managing member, Lorenzo A. Deluca. This Motion complains about the Debtors' repeated and unlawful disposition of proceeds, the appointment of an unlicensed real estate management company, the lack of authority to file the bankruptcy, and other irresponsible acts by the Mr. Deluca.

11. In addition, Gatanas has identified over $800,000 in questionable payments by the Debtors prior to the Petition Date to, among other recipients, insiders and other unauthorized parties. Prior to petition, an apparent cash settlement was made with a commercial tenant that vacated the

property without court order. There are also questionable apparent POST-PETITION transfers being made considering that all vacant apartment units are being renovated and the occupied, but disputed commercial space, has been permitted by the City of New York to be renovated.

12. Given the Debtor's track record of mismanagement, it is evident that cause exists for the appointment of a trustee.

**Wherefore**, for the reasons set forth herein, Gatanas respectfully requests that the Court enter an Order (a) granting the Motion, (b) appointing a chapter 11 trustee, and (c) granting such other and further relief as is just and proper.

Dated: November 3, 2011

Respectfully submitted,

Aspasia Gatanas, pro se